UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CAMERON ISAAC,

                Petitioner,

    v.                                    9:26-CV-0353
                                          (MAD/ML)

MICHAEL KIRKPATRICK,

                Respondent.

---

APPEARANCES:                                OF COUNSEL:

TOPOROWSKI LAW, PLLC              MATTHEW A. TOPOROWSKI, ESQ.
Attorney for Petitioner
150 State Street
Albany, New York 12207

THE JEFFREY DESKOVIC FOUNDATION    JEFFREY MARK DESKOVIC, ESQ.
       FOR JUSTICE
Attorney for Petitioner
3148 East Tremont Avenue
Bronx, New York 10465

MIROSLAV LOVRIC
United States Magistrate Judge

## DECISION and ORDER

Petitioner Cameron Issac, represented by counsel, seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Exhibits.[1]  Petitioner remitted the statutory filing fee.  Dkt. Entry dated 3/13/26 (memorializing receipt information from filing fee transaction).  Petitioner also requested permission to file an enlarged memorandum of law in support of his Petition.  Dkt. No. 2.

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

1

Petitioner challenges a 2017 conviction from Onondaga County, pursuant to a jury verdict, for first degree murder.  Pet. at 1-2; *see also People v. Isaac*, 195 A.D.3d 1410, 1410 (4th Dep't 2023).  The New York Appellate Division, Fourth Department, affirmed his conviction, and, on August 30, 2021, the New York State Court of Appeals denied petitioner's application for leave to appeal.  Pet. at 2-3; *accord Isaac*, 195 A.D.3d at 1410, *lv. appeal denied by*, 37 N.Y.3d 992 (2023).

Petitioner also filed several actions collaterally attacking his conviction.  First, he filed a motion to vacate his conviction, pursuant to New York Criminal Procedure Law § 440.10 ("440 motion"), in April of 2022.  Pet. at 3.  The County Court denied the 440 motion, without a hearing, on July 11, 2022.  Pet. at 3-4; *see also* Pet. at 25-33 (decision denying 440 motion).  Petitioner sought leave to appeal, which the Fourth Department denied on March 16, 2023.  Pet. at 34.

Second, Petitioner filed a writ of error coram nobis on April 17, 2023.  Pet. at 4.  The Fourth Department denied the petition on June 30, 2023.  Pet. at 4, 51; *accord People v. Isaac*, 217 A.D.3d 1597 (4th Dep't 2023).  Petitioner sought leave to appeal, which the Court of Appeals denied on September 28, 2023.  Pet. at 49; *accord People v. Isaac*, 40 N.Y.3d 997 (2023).

Third, Petitioner filed a second 440 motion on December 20, 2023.  Pet. at 4.  The County Court denied the motion, without a hearing, on October 24, 2024.  Pet. at 5; *see also* Pet. at 36-46 (decision denying second 440 motion).  Petitioner sought leave to appeal, which the Fourth Department denied on March 5, 2025.  Pet. at 6.

Finally, Petitioner filed a second writ of error coram nobis on March 13, 2025.  Pet. at 7.  The Fourth Department denied the petition on October 3, 2025.  Pet. at 7, 47; *accord*

2

*People v. Isaac*, 242 A.D.3d 1576 (4th Dep't 2025).  Petitioner sought leave to appeal, which the Court of Appeals denied on December 15, 2025.  Pet. at 53; *accord People v. Isaac*, 44 N.Y.3d 1052 (2025).

Petitioner argues that he is entitled to federal habeas relief because (1) he is actually innocent of the charges as "[t]here was no direct evidence that links [Petitioner] to the victim's death and the circumstantial evidence failed to prove that [Petitioner] committed the robbery or the murder," Pet. at 5; and (2) he was denied the effective assistance of counsel since (a) his "trial attorneys failed to make any proper pre-trial investigations whereas they failed to interview a key witness; failed to investigate or consult an expert in cell phone tower technology; and failed to request a hearing to qualify the prosecution's expert on cell phone technology;" and (b) "[a]ppellate counsel failed to argue that the trial attorneys were ineffective for the[] reasons stated above," *id.* at 8.  For a more complete statement of the claims asserted herein, reference is made to the Petition and its supporting documents.

The district court must examine a habeas petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"  Rule 4, Rules Governing Section 2254 Cases in the United States District Courts; *see also* 28 U.S.C. § 2243.  If so, the petition must be dismissed.  Rule 4; *Welch v. Mukasey*, 589 F. Supp. 2d 178, 180 (N.D.N.Y. 2008).

Counsel acknowledges an issue with the timeliness of Petitioner's filing; however, counsel argues that any time bar should be waived given Petitioner's actual innocence.  Pet. at 17-24.  Based upon an initial review, it is not plainly apparent that Petitioner is not entitled to relief.  Further, the Court will not presently comment on whether Petitioner's action has

been timely-filed or if Petitioner's claims of actual innocence are sufficient to prevent his action from being barred.  Consequently, Respondent must answer the petition.

**WHEREFORE**, it is hereby

**ORDERED** that Petitioner's request to file an enlarged memorandum of law in support of his Petition ("Memo"), Dkt. No. 2, is **GRANTED.**  Petitioner's Memo may not exceed thirty-five (35) pages.  Further, Petitioner's Memo must be filed within twenty-one (21) days of this Decision and Order; and it is further

**ORDERED** that the Clerk serve copies of this Decision and Order and the Petition upon Respondent and the Attorney General of the State of New York in accordance with Section XIII, Rule 1.1(d) of the Local Rules; and it is further

**ORDERED** that the Respondent shall file and serve an answer to the Petition, and provide the Court with the relevant records,[2] within ninety (90) days of the date of this Decision and Order; and it is further

**ORDERED** that Petitioner may, but is not required to, file a reply within thirty (30) days of the filing date of Respondent's answer.  If Petitioner chooses to file a reply, it must not exceed fifteen (15) pages in length, excluding exhibits, and the arguments contained in the reply shall be limited to addressing the arguments raised by the Respondent in his answer and memorandum of law in opposition to the Petition.  This Court will not consider any new grounds for relief or other legal theories asserted by Petitioner in his reply that were not previously asserted by him in his Petition.  If Petitioner fails to file a reply or a request for extension of time within thirty (30) days of the filing date of Respondent's papers, he may forfeit his opportunity to file a reply; and it is further

---

[2]  The records must be arranged in chronological order, sequentially numbered, and conform fully with the requirements of Section XIII, Rule 1.1 of the Local Rules.

**ORDERED** that upon the filing of the reply, if any, or after the deadline to file a reply expires, the Clerk shall forward the file to the Court for further review; and it is further

**ORDERED** that the parties shall file all pleadings, motions or other documents relating to this action with the Clerk of the United States District Court, Northern District of New York, James Hanley U.S. Courthouse & Federal Building, 7th Floor, 100 South Clinton Street, Syracuse, New York 13261-7367.  The parties must accompany any document filed with the Court with a certificate setting forth the date on which they mailed a true and correct copy to all opposing parties or their counsel.  The Court will strike any filing that does not include a proper certificate of service.  Petitioner must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  Petitioner must also promptly notify the Clerk's Office and all parties or their counsel of any change in his address.  His failure to do so will result in the dismissal of this action; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon Petitioner in accordance with the Court's Local Rules of Practice.

DATED:   March 16, 2026
            Binghamton New York

Miroslav Lovric
U.S. Magistrate Judge

5